IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD BOYCE, | § | |
| | § | No. 397, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1405014161 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2015
Decided: March 1, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 1st day of March 2016, having considered the no-merit brief and motion to withdraw filed by the appellant's counsel and the response filed by the State of Delaware, it appears to the Court that:

(1) In August 2014, the appellant, Ronald Boyce, was indicted on one count each of Burglary in the Third Degree, Possession of a Deadly Weapon by a Person Prohibited, Possession of Burglar's Tools, Theft, and Criminal Mischief. At final case review on December 29, 2014, Boyce agreed to plead guilty to Burglary in the Third Degree and Possession of Burglar's Tools, and the State agreed to enter a *nolle prosequi* on the other charges in the indictment. The plea agreement provided that the State would seek habitual offender sentencing for

Burglary in the Third Degree and would recommend no more than ten years at Level V for that conviction. And Boyce agreed that he was eligible for sentencing as a habitual offender based on convictions in 1995, 2003, 2007 and 2012. Also, the parties agreed to a one-year suspended sentence for Possession of Burglar's Tools and to a presentence investigation.

(2) On July 17, 2015, after the presentence investigation, the Superior Court granted the State's motion to declare Boyce a habitual offender and sentenced him to ten years at Level V for Burglary in the Third Degree and to one year at Level V suspended for probation for Possession of Burglar's Tools. This is Boyce's direct appeal.

(3) On appeal, Boyce's appellate counsel ("Counsel")[1] has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).[2] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel represents that he provided Boyce with a copy of the motion to withdraw, Rule 26, and the no-merit brief in draft form, and a letter requesting that Boyce send him written points for the Court's consideration. Boyce did not submit any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

---

[1] Boyce was represented by different counsel in the Superior Court.
[2] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Also, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(5) In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[5] the Court concludes that Boyce's direct appeal "is wholly without merit."[6] The Court is satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Boyce could not raise a meritorious claim on direct appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson v. Ohio*, 488 U.S. at 81.
[5] *Id.* at 80.
[6] *Supra* note 2.